## PHELPS & Others *v.* OAKS & Others.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF MISSOURI.

Submitted March 1, 1886.—Decided March 15, 1886.

A Circuit Court of the United States having, by removal from a State court by reason of citizenship of the parties, properly acquired jurisdiction of an action against a tenant for the possession of land, is not ousted of it by admitting as codefendant, under the provisions of a State statute, his landlord, a citizen of the same State as the plaintiff.

Section 914 of the Revised Statutes, which requires the forms and modes of proceeding in civil causes other than equity and admiralty causes in Circuit and District courts to conform, as near as may be, to the forms and modes of proceeding existing at the time in like causes in the courts of record in the State within which the Circuit or District Courts are held, does not require the courts of the United States, by adopting the forms and modes of the State courts, to divest themselves of a jurisdiction once lawfully acquired under an act of Congress.

In ejectment against a tenant in possession of real estate whose landlord is a citizen of another State, the plaintiff has a real and substantial "controversy" with the defendant within the meaning of the act for removal of causes from State courts, which continues after his landlord is summoned in and becomes a party for the purpose of protecting his own interests.

The plaintiffs in error, who were plaintiffs below, brought their action in the Circuit Court of DeKalb County, Missouri, at the April Term, 1883, against George R. Oaks for the recovery of the possession of certain lands in that county, unlawfully withheld by him, as they alleged, and for damages therefor and for rents and profits.

The defendant, a citizen of Missouri, having been served with process, the plaintiffs, who were citizens of Pennsylvania, filed their petition for the removal of the cause to the Circuit Court of the United States for the Western Division of the Western District of Missouri, on the ground that the controversy in said suit was between citizens of different States, the matter and amount in dispute being in excess of the sum or value of $500. The prayer of the petition was granted, the accompanying bond being approved, and the cause was removed.

Afterwards, on June 16, 1884, the defendant Oaks filed his answer, in which he denied all the allegations of the plaintiffs' complaint, except as expressly admitted, and in addition set up that at the time of the commencement of the action he was in possession of the premises as the tenant, from year to year, of one Maria Zeidler, wife of John Zeidler, who was the owner thereof, and to whom he had paid the rents due on account thereof, and asked that the said Maria and John Zeidler be made parties defendant to the suit, according to the form of the statute of Missouri in such cases provided. Thereupon the Zeidlers also appeared and asked to be let in as defendants and for leave to plead, and it was so ordered by the court, with leave to file a motion to remand the cause to the State court in thirty days. Such a motion was accordingly made on the ground that Maria Zeidler and John Zeidler, her husband, were both citizens of Pennsylvania; that the defendant Oaks made no claim or demand to the premises in controversy, otherwise than as the tenant of Maria Zeidler, and that, consequently, the said suit did not really and substantially involve a dispute or controversy properly within the jurisdiction of the Circuit Court of the United States.

Pending this motion the plaintiffs moved the court to rescind the order making Maria and John Zeidler parties. This motion to rescind was denied, and the motion of the defendants to remand the cause was granted. To reverse these rulings was the object of this writ of error.

*Mr. S. B. Ladd (Mr. J. D. Strong, Mr. C. A. Mosman,* and *Mr. H. K. White* were with him) for plaintiffs in error.

*Mr. Charles W. Hornor (Mr. S. S. Brown, Mr. H. Ramey,* and *Mr. J. F. Harwood* were with him) for defendants in error.

MR. JUSTICE MATTHEWS delivered the opinion of the court. After stating the case as above reported, he continued:

That the cause when removed from the State to the Circuit Court was rightly removed is not denied. Under the Removal Act of 1875, the plaintiffs were authorized to remove their ac-

tion, although brought by them in the first place in the State court, into the Circuit Court of the United States, they being citizens of Pennsylvania, and the defendant a citizen of Missouri and an inhabitant of the district.

The ground on which the suit was remanded was that it subsequently appeared that it did not really and substantially involve a controversy properly within the jurisdiction of the Circuit Court, according to the sense of the 5th section of the act of March 3, 1875. This conclusion, it is supposed, is justified by the fact that the defendant Oaks, being merely a tenant of Maria Zeidler, who claimed title to the premises in dispute, had no real interest in the controversy and was a merely nominal party, his landlord being the real party in interest, entitled to be let in to defend as a party to the record, and bound by law to maintain his tenant's possession; so that the real and substantial controversy involved in and to be determined by the action, was not between the plaintiffs and Oaks, but between them and the Zeidlers; and the latter being citizens of the same State with the plaintiffs, it became apparent that the cause was not properly within the jurisdiction of the Circuit Court.

The statutes of Missouri provide that "every tenant on whom a summons in an action to recover the tenements held by him shall be served shall forthwith give notice thereof to the person or the agent of the person of whom such tenant holds, under the penalty of forfeiting to such person the value of three years' rent of the premises occupied by him." 1 Rev. Stat. Missouri, 1879, 514, § 3071. And by § 2244, that "the person from or through whom the defendant claims title to the premises may, on motion, be made a co-defendant." 1 Rev. Stat. Missouri, 374. And it is claimed that, under the decisions of the Supreme Court of the State, this right of the owner or warrantor of the title to be let in as a party to defend, does not rest in the discretion of the court, but is absolute. *Sutton* v. *Casseleggi*, 77 Missouri, 397, 408. It is assumed that the statute is equally obligatory upon the courts of the United States.

But this is a mistake. It is true that by Rev. Stat. § 914, it is required that "the practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and ad-

miralty causes, in the Circuit and District Courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the State within which such Circuit or District Courts are held, any rule of court to the contrary notwithstanding;" but "the conformity is required," as was said by this court in *Indianapolis & St. Louis Railroad Co.* v. *Horst*, 93 U. S. 291, 301, "to be 'as near as may be'—not as near as may be *possible*, or as near as may be *practicable*. This indefiniteness may have been suggested by a purpose : it devolved upon the judges to be affected the duty of construing and deciding, and gave them the power to reject, as Congress doubtless expected they would do, any subordinate provision in such State statutes which, in their judgment, would unwisely encumber the administration of the law, or tend to defeat the ends of justice, in their tribunals." Certainly it was not intended that these statutes were to be adopted with the effect of defeating the jurisdiction of the courts of the United States once lawfully attached under an act of Congress. *Stewart* v. *Dunham*, 115 U. S. 61.

It is equally an error to assume that the plaintiffs had not a substantial and real controversy with the defendant Oaks, and that their controversy was solely with the Zeidlers. The object and purpose of the action was to recover possession of the real estate in the visible and actual occupation of Oaks, and not otherwise in the possession of his landlord, than by force of his tenancy. The Zeidlers were not citizens of Missouri, nor residents of the district, and could not have been sued by the plaintiffs. The latter were not bound to look beyond the person who, by his occupation of the disputed premises, was holding adversely to their claim; and if the Zeidlers were permitted to defend, it was for their own interest, and not because they were either necessary or indispensable parties to the proceeding in which the plaintiffs were the actors. The controversy, so far as the Zeidlers were interested in it, was of their own seeking, and as their rights could not be concluded by a judgment against the tenant, they were not in a position to insist that the plaintiffs should forego their legal right to proceed against the

most convenient defendant. The landlord could defend the possession of the tenant, as it was his right and duty to do on notice of the action, but he could do so as well in the name of the tenant as in his own. At any rate, the plaintiffs had a right to eject the defendant, who actually and unlawfully withheld from them possession of their lands; and it is not correct to say that the controversy in law is with the landlord in virtue of whose claim of title the wrongful possession is maintained. Much less can the plaintiff's right to prosecute his action in the courts of the United States, once vested, be defeated by imposing upon him an adversary against whom he cannot maintain the jurisdiction of these tribunals.

Undoubtedly it was the duty of the Circuit Court in this case to give effect to the statute of Missouri, as far as it could, but not at the expense of its jurisdiction. "It must be held," as was said in *Erstein* v. *Roilschild*, 22 Fed. Rep. 61, 64, "that the body of the local law thus adopted in the general, must be considered in the courts of the United States in the light of their own system of jurisprudence, as defined by their own constitution as tribunals, and of other acts of Congress on the same subject. It can hardly be supposed that it was the intent of this legislation to place the courts of the United States in each State, in reference to their own practice and procedure, upon the footing merely of subordinate State courts, required to look from time to time to the Supreme Court of the State for authoritative rules for their guidance in those details. To do so, would be, in many cases, to trench, in important particulars not easy to foresee, upon substantial rights, protected by the peculiar constitution of the Federal judiciary, and which might seriously affect, in cases easily supposed, the proper correlation and independence of the two systems of Federal and State judicial tribunals."

It was quite proper, therefore, for the Circuit Court to admit the landlord as a party, for the purpose of defending his tenant's possession, and through that, his own title; and to this end, he might not only be permitted to appear as a party to the record and codefendant, but to control the defence as *dominus litis*, raising and conducting such issues as his own rights and

interests might dictate. And this need not arrest or interfere with the jurisdiction of the court, already established by the plaintiffs against the tenant in possession. For such proceedings should be treated as incidental to the jurisdiction thus acquired, and auxiliary to it, as in like cases, in equity, one interested in the subject-matter, though a stranger to the litigation, may be allowed to intervene *pro interesse suo. Krippendorf* v. *Hyde*, 110 U. S. 276.

In this view, the Circuit Court was right in admitting the Zeidlers as codefendants, but there was error in remanding the cause to the State court. For this error,

*The judgment complained of is reversed, and the cause is remanded to the Circuit Court with directions to proceed in the action according to law.*