### CHAPPELL v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit.　July 10, 1897.)

#### No. 212.

EMINENT DOMAIN—CONDEMNATION PROCEEDINGS BY UNITED STATES—JURISDICTION OF FEDERAL COURTS.

　　The manner in which the power of eminent domain of the United States shall be exercised is a matter of legislative discretion, and congress, by Act Aug. 1, 1888 (25 Stat. 357), has vested in the United States circuit and district courts of the district in which land is situated jurisdiction of proceedings authorized to be instituted by any public officer to condemn such land for public purposes.　By Act Aug. 18, 1890 (26 Stat. 316), the secretary of war is authorized to cause proceedings to be instituted for the condemnation of land for military purposes "in any court having jurisdiction of such proceedings."　*Held*, that said acts are in pari materia, and upon an application by the secretary of war under the latter act the attorney general may, at his election, cause proceedings to be instituted for the condemnation of land for military purposes in either the state or federal courts.

In Error to the District Court of the United States for the District of Maryland.

W. Cabell Bruce, for plaintiff in error.
W. L. Marbury, U. S. Atty.

Before SIMONTON, Circuit Judge, and HUGHES, District Judge.

SIMONTON, Circuit Judge.　This case comes up by writ of error to the district court of the United States for the district of Maryland. Certain lands of the plaintiff in error, lying at Hawkins Point, Anne Arundel county, in the state of Maryland, were required by the United States as the sites for forts and other works of defense.　To this end proceedings for condemnation of the land were instituted in the district court of the United States for the district of Maryland by the district attorney.　The district attorney files with his petition a letter of instruction from the attorney general of the United States to institute the proceedings, pursuant to the request of the chief engineer, indorsed by the secretary of war, and directing him to confer with Col. Peter C. Hains, corps of engineers, referring him to Act Aug. 1, 1888, c. 728.　He also files an authorization under seal from the secretary of war to Col. Peter C. Hains, in the matter of applying under article

96, Code Pub. Gen. Laws Md., for the condemnation of and for acquiring by condemnation proceedings this land. Upon filing the petition and its exhibits, an order of publication was issued, giving full notice of this application, and calling on all persons interested to come in by a day certain, and file objections, if any they had. The plaintiff in error did come in, filed exceptions to the jurisdiction of the court, then filed objections to the condemnation proceedings, then a demurrer to the petition; all of which were overruled, and the plaintiff in error excepted. He then filed his answer. The court then passed an order directing a jury to be impaneled for the purpose of assessing the damage the owner of the land will sustain by reason of its acquisition by the United States for the purposes stated, and in the proceeding it made the United States of America the actor. After a motion on the part of the plaintiff in error to dismiss the proceeding for want of jurisdiction, he filed a plea that no previous attempt had been made to him to agree upon a price for his lands. A motion for continuance and an exception to the array and to the impaneling of the jury, and numerous exceptions and prayers during the progress of the case, were made and overruled. An inquisition and award were had, and an assessment of $4,500 made for the enjoyment in perpetuity of the fee simple in this land by the United States. This was followed by many motions for a new trial and exceptions of every character, and finally the court confirmed the inquisition and finding of the jury. At the hearing on this last occasion, an objection was made because the authorization of the secretary of war to Col. Hains was limited in its nature, as it instructed him to take proceedings under the Maryland statute. This was met by a letter from the secretary affirming and confirming all that was done. The final order of the court having been entered, leave was given to sue out a writ of error, and the cause comes here on 33 assignments of error.

It is unnecessary to go into these in detail. The controlling question in this case is, had the district court of the United States for the district of Maryland any jurisdiction in the case? There can be no doubt that in exercising its sovereignty the United States are clothed with the right of eminent domain; that, putting this right into operation, the United States alone are the judges of the necessity for it, and that it is not dependent on state comity. Kohl v. U. S., 91 U. S. 371; Boom Co. v. Patterson, 98 U. S. 406. The mode of exercising it, whether by a tribunal created directly by act of congress or by one already established by the states, is a mere matter of legislative discretion. U. S. v. Jones, 109 U. S. 513, 3 Sup. Ct. 346; Secombe v. Railroad Co., 23 Wall. 108. Congress has legislated on this subject. Act Aug. 1, 1888 (25 Stat. 357), is in these words:

"Section 1. That in every case in which the secretary of the treasury or any other officer of the government has been or hereafter shall be authorized to procure real estate for the erection of a public building or for other public purposes, he shall be and hereby is authorized to acquire the same for the United States by condemnation under judicial process, whenever in his opinion it is necessary or advantageous to the government to do so; and the United States circuit or district courts of the district wherein such real estate is located, shall have jurisdiction of proceeding for such condemnation; and it shall be the duty of the attorney-general of the United States, upon every application of the secretary of the treasury under this act, or such other officer, to cause proceedings to

be commenced for condemnation within thirty days from the receipt of the application at the department of justice.

"Sec. 2. The practice, pleadings, forms and modes of proceeding in causes arising under the provisions of this act shall conform as near as may be to the practice, pleadings, forms and proceedings existing at the time in like causes in the courts of record of the state within which such circuit or district courts are held; any rule of the court to the contrary notwithstanding."

And also Act Aug. 18, 1890 (26 Stat. 316). The act of 1890 provides: ·

"Hereafter the secretary of war may cause proceedings to be instituted in the name of the United States in any court having jurisdiction of such proceedings for the acquirement by condemnation of any land or right pertaining thereto needed for the site, location, construction or prosecution of works for fortifications and coast defenses, such proceedings to be prosecuted in accordance with the laws relating to suits for the condemnation of property of the states wherein the proceedings may be instituted."

These two acts are in pari materia. The first act gives jurisdiction to the courts of the United States only, and prescribes that the form of the proceeding shall, as near as may be, conform to the practice, pleading, form, and mode of procedure in like causes in the state courts. The second act authorizes proceedings in any court of competent jurisdiction to be presented in accordance with the laws relating to the condemnation of property of the states wherein the proceeding may be instituted. The government may proceed under either act, in its own discretion. When proceedings are taken under either of these acts, strict compliance must be had with all the provisions of law made for the protection of the landowner, or the proceedings are ineffectual; and these proceedings must show affirmatively that the requirements of the law have been fulfilled. In re Buffalo, 78 N. Y. 366. Now, what are the requirements of the law? Any officer of the government who is authorized to procure real estate for a public purpose is authorized to acquire the same for the United States by condemnation under judicial process. This authority is specially vested in the secretary of war by Act Aug. 18, 1890 (26 Stat. 316), of which the courts take cognizance. It is the duty of the attorney general of the United States, upon every application of such officer of the government, to cause proceedings to be commenced for condemnation within 30 days after the receipt of the application. These proceedings on their face show that the attorney general has received an application for this purpose from the secretary of war, and that these proceedings were instituted thereon. The papers show that the instructions of the attorney general to the district attorney were given certainly within five days after the receipt of the application of the secretary of war. This commenced the proceedings. The act of congress does not authorize the secretary of the treasury, nor any other officer of the government desiring such proceedings to be instituted, to instruct the attorney general in what court or in what mode to conduct the proceedings. These are left wholly to his discretion. No action on the part of the secretary of war, after having made the application provided by law, and no limitation of authority to Col. Hains, no instruction of Col. Hains, can affect the discretion of the attorney general in carrying out the purposes of the application, and in condemning the land. The proceedings on their face thus showing the authority

in the secretary of war to procure by condemnation this land, and his application to the attorney general to commence proceedings therefor, has the attorney general proceeded in the proper way? The act requires the practice, pleadings, form, and mode of procedure to conform, as near as may be, to those existing at the time in like causes in the courts of record of the state in which the land is situated. "As near as may be,"—that is to say, as near as may be practicable, not as near as may be possible, with discretion in the judge of construing and deciding how far to go. Railroad Co. v. Horst, 93 U. S. 301; Phelps v. Oaks, 117 U. S. 239, 6 Sup. Ct. 714. In the case at bar, the petition was filed, stating clearly the case of the petitioner. Notice of the object of the petition was given in accordance with the Code of Public General Laws of Maryland. The claimant of the land came in, and was heard patiently as he raised question after question, and finally the question was left to a jury. It is true that this jury was not composed of residents of Anne Arundel county. But the jurisdiction of the court over the subject-matter is expressly given by the act of congress, and, even if it were not so given, the federal court could have taken jurisdiction. "If by the law obtaining in a state suits can be maintained in a state court, they may be maintained by original process in a federal court when the parties are citizens of different states." Chicot Co. v. Sherwood. 148 U. S. 529, 13 Sup. Ct. 695. The United States can always vindicate their rights in their own courts. This being the case, and the jury being a part of the court, the question of damages was properly submitted to the jury. And the experienced judge who tried the case observed all the formalities necessary. All the requirements of law were fulfilled. We see no error in the action of the district court. The judgment of that court is affirmed.