### COHEN v. MARYLAND CASUALTY CO. OF BALTIMORE, MD.

(District Court, E. D. South Carolina. March 19, 1925.)

**1. Courts ⊝⇒310 — Jurisdiction of federal courts; diversity of citizenship.**

A federal court cannot entertain a suit, in which its jurisdiction depends on diversity of citizenship, if the joinder of an indispensable party, not joined, would place citizens of same state on opposite sides.

**2. Sheriffs and constables ⊝⇒166—Suit on joint and several bond may be maintained against all or any one of the obligors.**

Under Civ. Code S. C. 1922, §§ 736, 2027, requiring a sheriff to give a bond which binds the parties and "each and every of us," such bond is joint and several, and to a suit against either principal or surety the other is not an indispensable party.

**3. Courts ⊝⇒310—Nonjoinder of nonresident parties does not deprive federal court of jurisdiction.**

Under Judicial Code, § 50 (Comp. St. § 1032), the nonjoinder of defendants who are not inhabitants of nor found within the district does not deprive a federal court of jurisdiction.

**4. Courts ⊝⇒278—Jurisdiction of federal court cannot be ousted by extraneous agreement between defendant and another.**

Where jurisdiction of a federal court has attached in an action against the surety on a bond for a misfeasance of the principal, who is a citizen of the same state as plaintiff, it cannot be divested by a provision of the bond requiring the principal to indemnify the surety against such liability, and notice to him to appear and defend, on the theory that, since he will be bound by any judgment rendered, he is an indispensable party.

**5. Courts ⬦278—Federal courts; jurisdiction once attached cannot be divested by extraneous matters.**

It is the general rule that, when the jurisdiction of a federal court has once attached, it is not subject to be divested by subsequent events or extraneous matters.

**6. Courts ⬦278—Admission of indemnitor to defend cannot divest jurisdiction once attached.**

Where an indemnitor is notified of a suit against the indemnitee and requested to defend, he is entitled to be admitted as a defendant; but where the suit is in a federal court, which has already acquired jurisdiction the fact that he is a citizen of the same state as plaintiff will not divest such jurisdiction, but the proceeding is incidental and auxiliary to it.

At Law. Action by M. A. Cohen against the Maryland Casualty Company of Baltimore, Md. On motion by defendant to dismiss for want of jurisdiction, and petition by Fred. E. Quinn to be made party defendant. Motion to dismiss denied, and petition of Quinn granted.

Wolfe & Berry, of Orangeburg, S. C., for plaintiff.

R. B. Herbert, of Columbia, S. C., for defendant on motion to dismiss.

Marion & Finley, of York, S. C., for petitioner on motion to intervene.

ERNEST F. COCHRAN, District Judge. The plaintiff, a citizen of South Carolina, residing in the Eastern district of South Carolina, has brought this suit against the Maryland Casualty Company alone as defendant. The Casualty Company is a citizen of Maryland, but maintains offices and transacts business in both the Eastern and Western districts of South Carolina. The complaint alleges in substance that the Casualty Company became surety on the official bond of one Fred. E. Quinn, as sheriff of York county, and that Quinn, acting as sheriff, unlawfully assaulted the plaintiff and wounded him, and thereby Quinn's official bond was breached, and the Casualty Company made liable for the damages. The sheriff is a citizen of South Carolina, but resides in the county of York, in the Western district. In the application made by the sheriff for the execution of the bond on the part of the Casualty Company, there was an agreement that the sheriff would indemnify the Casualty Company against all damages it might sustain in consequence of having executed the bond.

After this suit was instituted, the Casualty Company notified the sheriff of the suit and demanded that he appear and defend and save it harmless in pursuance of his contract of indemnity. The Casualty Company has made a motion to dismiss the case, on the ground that the sheriff is an indispensable party to the suit, and, both the plaintiff and the sheriff being citizens of South Carolina, this court would have no jurisdiction. The sheriff has presented a petition asking to be allowed to be made a party defendant, with the right to set up any defense that he may have. The sheriff and the Casualty Company both contend that the sheriff should be made a party, and that then the jurisdiction of the court would be ousted for the reasons stated.

[1] There can be no doubt of the rule in the federal courts that, if the issue arises that parties who are indispensable have not been made, or it should appear during the trial, the court would either dismiss the case or hold it until they are made parties, and if to make them parties would destroy the diversity of citizenship, and thereby oust the jurisdiction of the court, then the court cannot entertain jurisdiction of that case, and should dismiss at once. Barney v. Baltimore, 6 Wall. 280, 18 L. Ed. 825; Shields v. Barrow, 17 How. 142, 15 L. Ed. 161; Simkins, Fed. Prac. 495, and cases cited.

The precise question in this case is whether the sheriff is an indispensable party. The question is a novel one, and the parties concede that there is no case directly in point. There are certain general principles, however, governing the jurisdiction of federal courts, which enable me to reach a satisfactory conclusion.

[2] The statutes of South Carolina require the sheriff to execute a bond and prescribe the form. Sections 736 and 2027, vol. 3, Code of Laws of South Carolina 1922. In the form prescribed in the statute are the following words: "To the payment of which, well and truly to be made, we bind ourselves, *and each and every of us.*" It is conceded that the bond in the instant case conforms to the form prescribed by the statute. The bond, therefore, is a joint and several bond, and an action thereon is a joint and several action.

The South Carolina Code of Civil Procedure provides: "Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes may all, or any of them, be included in the same action, *at the option of the plaintiff.*" Section 363, Code Civil Procedure of South Carolina 1922.

Where the liability on a bond is joint and

several, all who are liable may be joined, or one or more or any number less than all may be sued, at the option of the plaintiff. An action may be maintained against the sureties, or one or more of them without, joining the principal, or against the principal alone, as well as against the principal in conjunction with any of the sureties, at arbitrary selection. Hatfield v. Kennedy, 1 Bay (S. C.) 501; State v. Williams, 19 S. C. 62, 65; State v. Fidelity & Deposit Co., 114 S. C. 511, 516, 104 S. E. 182; 15 En. Pl. & Pr. 116; 9 C. J. 91; 29 Cyc. 1464; 4 R. C. L. 58.

[3] In an action on a joint contract, one of the several joint contractors is not an indispensable party defendant in such suit, and under section 50 of the Judicial Code (Comp. St. § 1032) this court may proceed against one of such joint contractors, where the other is not an inhabitant of this district. Camp v. Gress, 250 U. S. 308, 316, 39 S. Ct. 478, 63 L. Ed. 997; Clearwater v. Meredith, 21 How. 489, 16 L. Ed. 201.

[4] From these principles there can be no doubt that the plaintiff was entitled to sue the Casualty Company alone in this district, and this court would have jurisdiction. The Casualty Company and the sheriff concede that such is the law, but their contention is that, although ordinarily the suit may be maintained against the surety alone on a sheriff's official bond, when it is made to appear to the court, as has been done in this case, that the surety has indemnity from the sheriff, and has given him notice to appear and defend the suit, the sheriff then becomes liable upon any judgment which may be rendered in the suit and is therefore an indispensable party. For the purposes of the decision on this motion it may be conceded that, if a party is obliged to defend against the action of another against whom he has a remedy over, and defends solely and exclusively the action of such other party, and is compelled to defend no misfeasance of his own, he may notify such party of the pendency of the suit and may call upon him to defend it, and if he fails to defend it, then he is liable not only for the amount of damages recovered, but for all reasonable and necessary expenses incurred in such defense, and a judgment rendered against the party secondarily liable, the two not being in pari delicto, is conclusive on the one primarily responsible. 31 C. J. 452, 460, 461; Westfield v. Mayo, 122 Mass. 100, 23 Am. Rep. 292; Sweet v. Atkinson, 191 Iowa, 645, 182 N. W. 793.

From the premises contained in the foregoing concession, the argument is made that, since the sheriff after notice will be bound by the judgment rendered, he is therefore an indispensable party, and consequently the jurisdiction would be ousted, and upon this point, as I have stated, counsel on both sides concede that there is no case directly in point. If such a doctrine be established, the effect upon the jurisdiction of the federal courts would be far-reaching, and the constitutional right to invoke their jurisdiction on the ground of diversity of citizenship would be seriously impaired. It needs but little reflection to reach the conclusion that there are numerous cases in which the doctrine could be invoked to utterly defeat the jurisdiction. For example, a citizen of one state may sue a citizen of another state to recover possession of land, and the defendant could vouch his grantor under his warranty, and if the grantor should be a citizen of the same state as the plaintiff, the jurisdiction would be ousted, and the plaintiff's right to sue in the federal court defeated.

A citizen of one state, traveling through another, may have an automobile collision, and sue for his damages in the federal court. The defendant may have indemnity insurance from a corporation chartered by the state of which plaintiff is a citizen, and if the theory of the law contended for by the Casualty Company in the case at bar is correct, the defendant may compel the plaintiff to abandon his suit in the federal court and sue in the state court. Every contractor, every tort-feasor, indeed, every person subject to any kind of liability, if he has indemnity (either by express contract or by operation of law), could call in his indemnitor, and, if such indemnitor is a citizen of the same state as the plaintiff, the plaintiff must abandon his constitutional right to litigate in the federal courts and seek his remedy elsewhere. Instances where the doctrine might be invoked for such purpose might be multiplied.

[5] In view of the rapid growth of indemnity insurance in the last few years, it cannot be said that cases of this sort will be so few as to make the doctrine of no practical importance, nor can the picture of the danger of a serious impairment of the right to invoke the jurisdiction of federal courts as a consequence of the adoption of such a doctrine be said to be a fanciful one. It is, as counsel concede, a new doctrine, and I do not think it should be lightly adopted. I could not accede to it, unless there were an authoritative decision upon the point, or unless established legal principles logically led,

to such a conclusion. No authoritative decision has been cited and I do not think established legal principles lead to the conclusion contended for; but, on the contrary, I think the principles governing the jurisdiction of the federal courts as laid down by the Supreme Court of the United States lead to the contrary conclusion. The plaintiff has brought his case where he had a right to bring it. The jurisdiction of this court has attached. Having once attached, I do not think the jurisdiction can be ousted by the extraneous agreement for indemnity between the Casualty Company and the sheriff. The general rule is that, when the jurisdiction of the federal court has once attached, it is not subject to be divested by subsequent events or extraneous matters. Clarke v. Mathewson, 12 Pet. 171, 9 L. Ed. 1041; Phelps v. Oaks, 117 U. S. 236, 6 S. Ct. 714, 29 L. Ed. 888; Hardenbergh v. Ray, 151 U. S. 112, 118, 14 S. Ct. 305, 38 L. Ed. 93; Porto Rico v. Ramos, 232 U. S. 627, 632, 34 S. Ct. 461, 58 L. Ed. 763; Rose's Federal Procedure (2d Ed.) § 264; Simkins, Federal Practice, 498. See, also, Dyett v. Hyman, 129 N. Y. 351, 29 N. E. 261, 26 Am. St. Rep. 533.

I hold, therefore, that the fact that the Casualty Company has indemnity from the sheriff, and has notified him to appear and defend the suit, does not deprive this court of jurisdiction, even though the sheriff and plaintiff are citizens of the same state, and even though it be conceded that the effect of such notice is to make any judgment rendered in the cause conclusive against the sheriff in favor of the Casualty Company; but upon this last proposition no final ruling is necessary, as such result is assumed simply for the purposes of this motion. ·

[6] This brings us to a consideration of whether the petition of the sheriff to be made a party defendant should be granted. It is a general rule that, where an indemnitor is notified of a suit against the indemnitee and requested to defend the action, he is entitled at his own expense and charges fully to defend such suit, and to conduct in good faith the whole litigation from beginning to end, and he should be accorded all reasonable opportunity and the full right to submit any legal defenses, to controvert by proper pleadings the claim sued on, to reserve exceptions to any alleged erroneous ruling of the trial court, and to prosecute an appeal from any adverse judgment or decree. 31 C. J. 472.

The sheriff's interest in the event of the action is such that I think he should be allowed to appear and be made a party defendant, and to defend the suit; but this will not oust the jurisdiction of the court. Phelps v. Oaks, supra; Hardenbergh v. Ray, supra; Porto Rico v. Ramos, supra; Simkins, Federal Practice, 498; Rose's Federal Procedure (2d Ed.) § 264.

Phelps v. Oaks, supra, was an action against a tenant for the possession of land. The tenant was a citizen of Missouri. The plaintiffs were citizens of Pennsylvania, and the landlord was also a citizen of Pennsylvania. The landlord was allowed to be made a party to the cause. The Supreme Court held that the federal court still retained jurisdiction. In that case the court said:

"It was quite proper, therefore, for the Circuit Court to admit the landlord as a party, for the purpose of defending his tenant's possession, and through that his own title; and to this end he might not only be permitted to appear as a party to the record and codefendant, but to control the defense as dominus litis, raising and conducting such issues as his own rights and interests might dictate. And this need not arrest or interfere with the jurisdiction of the court, already established by the plaintiffs against the tenant in possession. For such proceedings should be treated as incidental to the jurisdiction thus acquired, and auxiliary to it, as in like cases, in equity, one interested in the subject-matter, though a stranger to the litigation, may be allowed to intervene pro interesse suo. Krippendorf v. Hyde, 110 U. S. 276."

In Hardenbergh v. Ray, supra, an ejectment was brought against certain citizens of Oregon, who were in possession of the demanded premises as tenants of the heirs of Mrs. Ellen Ray. Her heirs came in and on their own motion were substituted as defendants in place of their tenants, and one of them, Sarah A. Ray, was a citizen of the same state, New York, as the plaintiff. It was nevertheless held that the federal court still retained jurisdiction. In that case the Supreme Court said:

"This objection to the jurisdiction of the court is without merit, and was properly overruled by the lower court. When the original suit was brought against Sliter, Miller, and West, the persons in possession, the court acquired jurisdiction of the controversy, and no subsequent change of the parties could affect that jurisdiction. This is well settled by the authorities. Mullen v. Torrance, 9 Wheat. 537; Dunn v. Clarke, 8 Pet. 1; Clarke v. Mathewson, 12 Pet. 164; Whyte v. Gibbes, 20 How. 541; Phelps v. Oaks, 117

U. S. 236, 240. In this last case it was held that in ejectment against tenants in possession of real estate, whose landlord is a citizen of another state, the plaintiff has a real and substantial controversy with the defendant, within the meaning of the act for the removal of causes from state courts, which continues after the landlord is substituted and becomes a party for the purpose of protecting his own interests. The rule announced in this case clearly settles, in a case like the present, that, where the jurisdiction of the court has completely attached against the tenant in possession, the substitution of the landlord as a defendant for such tenant will in no way affect or defeat the jurisdiction of the court."

If allowing a landlord to defend along with his tenant and to become the dominus litis, as in Phelps v. Oaks, and the actual substitution of the landlord for the tenant, as in Hardenbergh v. Ray, will not oust the jurisdiction of the court, because some one or more of the new parties are citizens of the same state with the plaintiff, it is difficult to see how allowing the sheriff in this case to be made a party, simply to defend his own interest, could possibly oust the jurisdiction which has attached, even though he and plaintiff are citizens of the same state. It is not necessary to decide whether the court would allow him to be made such a party, if the effect would have been to oust the jurisdiction.

For the foregoing reasons, the sheriff will be allowed to intervene and be made a party defendant in the cause, and the motion of the Casualty Company and of the sheriff to dismiss for want of jurisdiction will be refused, and proper orders will be entered accordingly.