### HADDEN v. FIDELITY & DEPOSIT CO. OF MARYLAND.

District Court, D. Idaho, Central Division. June 8, 1929.

No. 1027.

Turner, Nuzum & Nuzum, of Spokane, Wash., and J. H. Forney, of Moscow, Idaho, for plaintiff.

Frank T. Wyman and Frank T. Wyman, Jr., both of Boise, Idaho, and A. H. Oversmith, of Moscow, Idaho, for defendant.

CAVANAH, District Judge. This action is brought by the plaintiff, a citizen and resident of Idaho, against the defendant Fidelity & Deposit Company of Maryland, to recover damages in the sum of $10,000 upon the official bond of the sheriff of Latah county for an assault and arrest of plaintiff by the sheriff and his deputy. The sheriff, who is principal upon the bond sued upon, and his deputy, make application for permission to intervene and to be made parties defendant to the suit under sections 6646 and 6655, Idaho Comp. Statutes, as amended by chapter 57 of the Session Laws of 1927, which read as follows:

"Section 6646. *Joinder of Parties Defendant.* Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein. And in an action to determine the title or right of possession to real property which, at the time of the commencement of the action, is in the possession of a tenant, the landlord may be joined as a party defendant."

"Section 6655 [As Amended]. *Intervention.* Any person may, before the trial, intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant, and is made by complaint, setting forth the grounds upon which the intervention rests, filed by leave of the court, and served * * * upon the attorneys of the parties who have appeared, who may answer or demur to * * * the same within 20 days after such service as if it were an original complaint; and the court may order summons to be issued and served upon the parties to the action or proceeding who have not appeared."

Plaintiff demurs to the application upon the ground that to allow interveners to become parties defendant would divest the court of jurisdiction, as interveners are citizens and residents of Idaho, the same state as the residence and citizenship of plaintiff, and as the jurisdiction of the court in the case depends upon diverse citizenship it would not attach where one or more of the defendants are citizens of the same state as the plaintiff. The object and purpose of the action being to recover upon the official bond of the sheriff, it

presents a substantial controversy with the interveners as the sheriff has obligated himself with the defendant surety company to pay to it damages which it may sustain by reason of the acts complained of by the plaintiff, and it appears that the surety company has notified interveners to come in and defend. When interveners take such step, they consent and submit to the jurisdiction of the court, and the cause having been in the first instance properly instituted in this court upon the complaint of plaintiff, and there appearing diverse citizenship between plaintiff and the original defendant, the court will retain it and grant relief upon both the cause of action set forth in the complaint and that alleged in the petition in intervention, as the subject-matter is the same in both, although there not being diversity of citizenship as between plaintiff and interveners.

It is long settled that when the jurisdiction of the federal court is once attached, it cannot be defeated by admitting, under the state statute, a party as codefendant who is a citizen of the same state as the plaintiff. Phelps v. Oaks, 117 U. S. 236, 6 S. Ct. 714, 29 L. Ed. 888; Cohen v. Maryland Casualty Co. of Baltimore (D. C.) 4 F.(2d) 564.

The question here is analogous to the principle that a cause once properly in a court of equity for any purpose would be retained for all purposes, even though it requires the court to decide questions which, standing alone, would not be within the range of its authority. Camp v. Boyd, 229 U. S. 530, 552, 33 S. Ct. 785, 57 L. Ed. 1317; Peirce v. New York Dock Co. (C. C. A.) 265 F. 148; McGowan v. Parish, 237 U. S. 285, 35 S. Ct. 543, 59 L. Ed. 955.

As there does not appear a separate controversy between the original defendant and the proposed defendants, and a diversity of citizenship exists as between the plaintiff and the original defendant, and the jurisdiction of the court having attached, the application to allow interveners to come in as codefendants is granted.