JOHNSON v. G. J. SHERRARD CO. (NEW ENGLAND TELEPHONE & TELEGRAPH CO., Third-Party Defendant).

No. 1380.

District Court, D. Massachusetts.

Nov. 12, 1941.

Palmer, Dodge, Barstow, Wilkens & Davis and F. W. Hibbard, all of Boston, Mass., for plaintiff.

Kenneth C. Parker and Sawyer, Hardy, Stone & Morrison, all of Boston, Mass., for defendant.

FORD, District Judge.

This is an action wherein the plaintiff, ι citizen of New York, sued the defendant, a Massachusetts corporation, to recover damages for personal injuries alleged to have been caused by the defendant's negligence. The defendant, under Rule 14(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, moved for leave to bring in the New England Telephone & Telegraph Company, a New York corporation (hereinafter referred to as "Telephone Company"), as a third-party defendant. The defendant alleged that the negligence of the Telephone Company, and not its negligence, caused the plaintiff's injury.

The case now comes before the court on the motion of the plaintiff to amend his complaint in order to assert a claim for relief against the Telephone Company. The Telephone Company objects to allowance of the motion on the ground that this court is without jurisdiction to entertain a suit based on the complaint as amended and, consequently, the court has no power to allow the amendment.

The applicable provisions of the Federal Rules of Civil Procedure may be found in Rule 14, wherein it is stated: "The plaintiff may amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant" and in Rule 82 which states: "These rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein."

█ Jurisdiction of this court over the instant case is based solely on diversity of citizenship. It is true that jurisdiction thus obtained is not lost if subsequently other parties, lacking in the requisite diversity of citizenship, come into the case, if the subsequent proceeding is ancillary to the main case and cannot properly be regarded as a separate and independent new suit. Cf. Alexander v. Hillman, 296 U.S. 222, 56 S.Ct. 204, 80 L.Ed. 192; Phelps v. Oaks, 117 U.S. 236, 6 S.Ct. 714, 29 L.Ed. 888; and Moore v. New York Cotton Exchange, 2 Cir., 296 F. 61, affirmed 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750, 45 A.L.R. 1370. This principle has frequently been invoked to allow a defendant to bring in a third party under Rule 14 even though the requisite diversity of citizenship between defendant and third-party defendant, or between plaintiff and third-party defendant, is lacking. Malkin v. Arundel Corp., D. C., 36 F.Supp. 948; Crum v. Appalachian Electric Power Co., D.C., 29 F.Supp. 90;

Bossard v. McGwinn, D.C., 27 F.Supp. 412.

These cases all hold that in ancillary proceedings jurisdictional requirements may be disregarded. The applicability of their principle to a particular case depends upon whether the third-party practice therein is an ancillary proceeding incidental to the main suit, or whether it is to be more properly regarded as 'a separate and independent new suit. Tullgren v. Jasper, D.C., 27 F.Supp. 413; cf. also, Alexander v. Hillman, supra.

"Ancillary" is defined by Webster's New International Dictionary as a "proceeding, * * * subordinate to, or in aid of, another primary or principal one".

■ I do not believe that the principle on which these cases were decided can be extended to permit allowance of the amendment here proposed. The claim asserted against the Telephone Company may be intended by the plaintiff to be his primary proceeding, with the claim against the defendant subordinate. On the state of the pleadings as amended the claims are coordinate. Relief is sought in the alternative from whichever defendant caused the plaintiff's injury. The claim against one is as much the primary or principal proceeding as that against the other, so it cannot be said that the claim against the Telephone Company is ancillary.

■ Rule 82 forbids the construction of the rules in such a way as to extend the jurisdiction of the federal courts. If the proceeding here is not ancillary, to allow the proposed amendment would violate this rule. In Osthaus v. Button, 3 Cir., 70 F.2d 392, the court was held to be without jurisdiction of a claim alleging negligence of a third person, a citizen of the same state as the plaintiff, brought by defendant under the Pennsylvania third-party practice. That decision indicates that a claim of this type would not have been held within the court's jurisdiction before the adoption of the rules. If so, Rule 14 may not be construed to give the court jurisdiction of such a claim.

■ In Sklar v. Hayes, D.C., 1 F.R.D. 594, 596, an opposite result was reached. The court said: "Just as controversies presented by third-party complaints are within the ancillary jurisdiction of the courts, so are controversies presented by assertion of claims against third-party defendants by plaintiffs. To hold otherwise would be to deny practical effect to Rule 14 in many cases. The object of the Rule is to avoid circuity of action and multiple suits, to adjust in a single suit the several phases of the same controversy." It may be true that convenience would be served and the purpose of the third-party practice better achieved by trying issues like those involved here at one time and settling them at the same time, but the court's power to achieve that laudable object must be limited by the jurisdictional requirements. (Rule 82). If these are not present, the convenient single trial must be had, if at all, in the state courts. I cannot, in the absence of a justifiable new construction of what constitutes an ancillary proceeding, agree with the conclusion, unsupported by analysis, of the Sklar case that a controversy presented by assertion of a claim directly against a third-party defendant made by amendment to plaintiff's original complaint, all of which is the commencement of a main action, is merely ancillary to the controversy between the plaintiff and the original defendant.

■ I think, also, that the plain terms of Rule 14 do not authorize such an amendment as that proposed. The plaintiff "may amend * * * to assert * * * any claim which the plaintiff might have asserted against the third-party defendant *had he been joined originally as a defendant.*" (Italics mine). In the instant case, if the Telephone Company had been joined originally the court would not have jurisdiction of the case. Thus, it would appear that to grant this motion would clearly go beyond the authority conferred on the court by Rule 14. This was the reasoning relied on by the court in Hoskie v. Prudential Ins. Co. of America, D.C., 39 F.Supp. 305, wherein a motion like that in the case at bar was denied.

The motion is denied.