**Louis Woodson CURTIS, Plaintiff,**

**v.**

**AMERICAN BOOK COMPANY, Defendant.**

United States District Court
S. D. New York.

Sept. 26, 1955.

E. Henry Shappiro, New York City (W. Lee Helms, New York City, of counsel), for plaintiff.

Griggs, Baldwin & Baldwin, New York City (Wallen J. Haenlein, New York City, of counsel), for defendant.

WALSH, District Judge.

This action was begun by one of two co-authors, a resident of California, for a construction of their contract with defendant, a New York publisher. The defendant moved to dismiss the complaint for lack of an indispensable party, the other co-author, who is a New York resident. This court ordered the joinder of Bridgman, the co-author, as a necessary party, with leave to renew the motion to dismiss, if, upon realignment of the parties, it was divested of jurisdiction. Curtis v. American Book Co., D.C.1955, 17 F.R.D. 504.

Bridgman thereupon made the present motion, for leave to intervene as a party plaintiff under Fed.Rules Civ.Proc. rule 24(b), 28 U.S.C.A. The motion is denied.

Had Bridgman come into the case as a party plaintiff pursuant to the prior order of joinder, this court would have lost jurisdiction over the action, as both he and the defendant are New York citizens. F.R.C.P. 19(b). However, he urges that once jurisdiction has been established on the ground of diversity of citizenship, it is not thereafter defeated by the voluntary intervention of a non-indispensable party.

The problem of intervention in a suit based on diversity of citizenship is discussed at length in 4 Moore, Federal Practice, 2 Ed., pp. 135–46. Where jurisdiction is initially acquired on the basis of diversity of citizenship, it is not lost by the intervention of a party having the same citizenship as his opponent, provided the right to intervene is absolute. Phelps v. Oaks, 117 U.S. 236, 240–241, 6 S.Ct. 714, 29 L.Ed. 888; Virginia Electric & Power Co. v. Carolina Peanut Co., 4 Cir., 186 F.2d 816, 821, 32 A.L.R.2d 234. If the applicant's right

does not rise to the level of an absolute right to intervene the court may, in its discretion, permit intervention without losing jurisdiction over an action originally based on diversity of citizenship if the action is *in rem*. Golconda Petroleum Corp. v. Petrol Corp., D.C.S.D.Cal., 46 F.Supp. 23; Oils, Inc. v. Blankenship, 10 Cir., 145 F.2d 354, 355–356. Similarly even though the action is *in personam* if it is easily analogous to an *in rem* proceeding as receivership, dissolution and creditors bill proceedings frequently courts will permit intervention without independent grounds of jurisdiction. Fraser v. Cole, 7 Cir., 214 F. 556, 560–561; Lackner v. McKechney, 7 Cir., 252 F. 403, 406. Also if the action is a class suit, Piccard v. Sperry Corp., D.C. S.D.N.Y., 36 F.Supp. 1006, 1009, affirmed 2 Cir., 120 F.2d 328.

■ Where the right to intervene is not absolute and the action is *in personam* (and is not a class action) and the applicant is an indispensable party, the court cannot retain jurisdiction over the action by permitting the indispensable party to intervene. This rule is related to the proposition that in the absence of an indispensable party the court is without jurisdiction to proceed. It therefore has no valid original jurisdiction based on diversity of citizenship which can be retained by permitting intervention. Johnson v. Middleton, 7 Cir., 175 F.2d 535, 537; Kentucky Natural Gas Corp. v. Duggins, 6 Cir., 165 F.2d 1011, 1015; Kendrick v. Kendrick, 5 Cir., 16 F.2d 744, 745.

Up to this point the decisions appear relatively uniform. However, the problem becomes complex where the action is *in personam*, the right to intervene not absolute, and the applicant for intervention not an indispensable party. Most of the cases conclude that permitting intervention in this situation destroys Federal jurisdiction based on diversity of citizenship. Hunt Tool Co. v. Moore, Inc., 5 Cir., 212 F.2d 685, 688; Humble Oil & Refining Co. v. Sun Oil Co., 5 Cir., 190 F.2d 191, 197; Johnson v. Riverland Levee Dist., 8 Cir., 117 F.2d 711, 714–

715, 134 A.L.R. 326; State of Maryland to Use of Carnesdale v. Rolen, D.C.Md., 124 F.Supp. 86, 87; Baltimore & O. R. Co. v. Thompson, D.C.E.D.Mo., 8 F.R.D. 96, 98. Professor Moore agrees with these cases.

Some courts have, however, permitted intervention by such non-indispensable parties and retained jurisdiction over the controversy on the ground that the claim or defense of the intervenor is "ancillary" to the main action and that its inclusion does not destroy the jurisdiction formerly founded upon diversity of citizenship. In Wichita R. & Light Co. v. Public Utility Commission, 260 U.S. 48, 43 S.Ct. 51, 67 L.Ed. 124, the Supreme Court held that diversity jurisdiction continued in spite of intervention by a party defendant of the same state as plaintiff. The intervention in that case, however, although not technically an intervention as of right was something very analogous to it. One utility was going to increase the rate for electric current supplied to another in contravention of the terms of a contract between them. The State regulatory commission approved. The customer, incorporated in another state, commenced a federal action against the commission. The vendor, incorporated in the same state as the customer, had to intervene if it was to join with the commission in support of its increased rate. Although it would not have been technically "bound" by a judgment adverse to the State Commission it would have been the real party to suffer.

In Cohn v. Cities Service Co., 2 Cir., 45 F.2d 687, 689 there is a statement that once jurisdiction has attached, it will not be divested by intervention. This is, however, a dictum. Vogue Co. v. Vogue Hat Co., 6 Cir., 12 F.2d 991, as Professor Moore points out, was a case in which *federal jurisdiction originally attached as a patent suit* as well as on the basis of diversity of jurisdiction. Elder v. Western Mining Co., 8 Cir., 280 F. 569, 577–578 apparently regarded its case as analogous to a class action as it cites as authority Supreme Tribe of Ben

Hur v. Cauble, 255 U.S. 356, 41 S.Ct. 338, 65 L.Ed. 673.

 It would seem to be an unwarranted expansion of Federal jurisdiction to permit intervention in this action, when Bridgman could not initially have joined as a plaintiff, and when there appears to be no great hardship in requiring the parties to pursue their litigation in the State Courts. F.R.C.P. 82.

An additional reason for refusing to allow intervention as a matter of discretion, is that Bridgman made no move to intervene until defendant had successfully compelled his joinder.

Motion to intervene denied.