STATE, *EX RELATIONE* SLAY, v. WILLIAMS.

1. The surety on a sheriff's bond may be sued without joining the sheriff, or, if he be dead, his representative.
2. It is not necessary that judgment should be obtained against the sheriff, or his representative, before such suit is instituted against the surety.
3. To constitute a cause of action against the surety in such case, it is not necessary to allege and prove demand and refusal as to the sheriff, or his representative, nor to allege judgment obtained against the sheriff, or his insolvency.
4. It is surplusage to allege in a complaint that which need not be proved at the trial.
5. This case, distinguished from *State, ex relatione Coleman,* v. *Cason,* 11 *S. C.* 392.

Before PRESSLEY, J., Abbeville, June, 1882.

This was an action in the name of the State, *ex relatione* Sallie R. Slay, in behalf of herself and other creditors, under the official bond of L. P. Guffin, late sheriff, against Roger L. Williams, commenced in March, 1882. The opinion states the case.

*Mr. L. W. Perrin,* for appellant.

*Messrs. Noble & Noble,* contra.

March 15th, 1883. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. This was an action on the official bond of the late sheriff of Abbeville county, one Lawrence P. Guffin, on which the defendant, appellant, was bound as one of the sureties of the said Guffin. The bond was in the usual form of such bonds, and obligated the parties jointly and severally.

The respondent brought the action in behalf of herself and all other creditors of the said sheriff who might come in and contribute to the expenses, alleging, as breaches of the bond, that Guffin had collected and received large sums of money on executions and orders of court, all of which should have been paid over to the parties entitled thereto, and especially, that he had collected for the relator on July 4th, 1876, the sum of one hundred and twenty-nine dollars in a certain case in which she was interested, and had failed to pay it over to her, or deposit the same according to law, and that the defendant surety, although demanded of him since the death of Guffin, had refused to pay the same, and she demanded judgment for the sum of $10,000, the penalty of the bond.

The defendant filed a formal demurrer because it appeared on the face of the complaint: First. " That the personal representative of the deceased sheriff was not joined in the said action as a party defendant." Second. " That the co-sureties upon the official bond sued on were not joined in the said action as parties defendant." And, at the hearing, the defendant further demurred : " That the complaint did not state facts sufficient to constitute a cause of action, in this, that a judgment against the sheriff is necessary before a surety can be sued upon an alleged breach of the bond ; no judgment having been alleged in complaint it is defective."

The Circuit judge, Judge Pressley, pronounced the following decree : " This is a suit against a surety to sheriff's bond, and defendant demurs specially on the ground that the representative of the deceased sheriff is not joined in the suit. And, further,

really on the ground that the complaint, in failing to allege a judgment against the sheriff, does not state a sufficient cause of action. In *Treasurers* v. *Gibson*, 3 *Hill* 339, the sheriff was not joined; there was no judgment against him, and no demand on him for the money. The court, by Judge Richardson, held that the action could be maintained on proof that the sheriff was absent from the State. In *Taylor* v. *Easterling*, 1 *Rich.* 314, a similar case, the court, by Judge O'Neall, held that the action could be maintained on proof that the sheriff was dead. The demurrer is, therefore, overruled, with costs to follow the result of the suit, and defendant is granted leave to answer the complaint within twenty days after notice of this decision."

The defendant has appealed from this decree upon exceptions: 1. "For defect of parties, in this, that the sheriff or his personal representative should have been joined. 2. Because the insolvency of the sheriff is not alleged, nor that judgment had been obtained against the sheriff or his representatives. 3. Because no demand is alleged to have been made upon the sheriff or his personal representatives. And 4. Because the complaint does not state facts sufficient to constitute a cause of action."

The questions involved are: First. Can a surety on sheriff's bond be sued without joining the sheriff, or his representatives, if he be dead? Second. Before suit against the surety, is it necessary that judgment should be obtained against the sheriff, or his representatives, if he be dead? Third. To constitute a cause of action against the surety in such case, is it necessary to allege and prove demand and refusal as to the sheriff, or his representatives, or judgment obtained against the sheriff?

In the face of the two cases, referred to by Judge Pressley, and found in our own reports, the questions raised do not need much discussion at our hands. Where the court of last resort in this State has once decided a question, until overruled, it is controlling, and where the question arises again it is wholly unnecessary to do more than to cite the previous decisions.

As was said by Judge Pressley, in the *Treasurers* v. *Gibson*, *supra*, the sheriff was not joined; there was no judgment against him, and no demand for the money—the court holding that, as

the sheriff was absent from the State, no demand was necessary. In the case of *Taylor* v. *Easterling*, the sheriff was dead; no demand was required, nor was there joinder of the representatives of the sheriff. These cases, in their facts, run parallel to the case now before us in many respects, and yet the actions in these cases were maintained, without joinder and without demand in the last case, and without judgment, joinder or demand in the first.

If this be so, the failure to allege these facts did not leave the declaration or complaint so defective as not to contain a cause of action, or, otherwise, these cases would have been dismissed. For a complaint to be thus defective, something must be omitted which the plaintiff is required to prove, in order to maintain his suit. In the cases above referred to, it was held that it was not necessary for the plaintiff to prove the facts relied on by the appellant to sustain his demurrer. If they were not necessary facts in the evidence, it would have been surplusage to allege them in the complaint.

It is true it was held in *State, ex relatione Coleman,* v. *Cason,* 11 *S. C.* 392, that an allegation in a complaint of an unsatisfied judgment against the sheriff alone, for moneys received by him in his official capacity, and converted, states a cause of action against him and his sureties on his official bond, and is *prima facie* evidence against the sureties of a breach of the bond; but it is not stated that there can be no cause of action against the sureties without this allegation. In fact, inasmuch as such judgment is only *prima facie* evidence, the sureties being allowed to reject it if they see proper, and can do so, it would seem that the existence of such judgment is not an essential averment, any other allegation of default and breach of the bond being sufficient.

Whatever may be the law as to other *quasi*-official bonds requiring the performance of duties, we think this case must be governed by *Treasurers* v. *Gibson* and *Taylor* v. *Easterling, supra.*

It is, therefore, the judgment of this court that the judgment of the Circuit Court be affirmed.