10497

STATE v. FIDELITY & DEPOSIT CO. OF MARYLAND *ET AL.*

(104 S. E. 182.)

1. STATUTES—PARTS OF GENERAL STATUTORY LAW MUST BE CONSTRUED TOGETHER AND EACH GIVEN EFFECT.—Sections which are part of the same general statutory law of the State must be construed together, and each one given effect, if it can be done by any reasonable construction.

2. COUNTIES—ACTION FOR BREACH OF COUNTY OFFICER'S BOND MAY BE BROUGHT IN NAME OF STATE.—Under Civ. Code 1912, sec. 652, requiring bond of public officers to be given to the State, and section 663, authorizing suit on such bond by the State or any corporation or person aggrieved, the State may bring an action for breach of a bond of a county officer, notwithstanding section 985, making it the duty of the solicitor to bring an action on the bond of a county officer in the name of the county, which must be construed as directory as to the party plaintiff.

3. COUNTIES—REPRESENTATIVE OF DEFAULTING OFFICER NOT NECESSARY PARTY TO ACTION AGAINST SURETY ON BOND.—The legal representative of a defaulting county officer who has since died is not a necessary party to an action against the surety on his bond, though he is a proper party, whom the Court may order to be brought in at the instance of another party.

4. PARTIES—OMISSION OF PROPER PARTY NOT GROUND FOR DEMURRER.—The omission to bring in as defendant one who was a proper, but not a necessary, party to the action is not a ground of demurrer to the complaint, but may be cured by motion.

5. HIGHWAYS—SURETY OF ROAD SUPERVISOR NOT LIABLE FOR ACTS DUR-
ING PREVIOUS TERM AS COUNTY SUPERVISOR.—Under act March 6,
1916 (29 St. at Large, p. 742), abolishing the office of county super-
visor and creating the offices of county road supervisor and county
office supervisor, the surety on the bond of the county road super-
visor, who had formerly been the county supervisor, is not liable for
funds which came into the officer's hands as county supervisor, since
the offices were distinct, and funds held by the county supervisor are
not presumed to have been transferred to the county road supervisor.

Before MOORE, J., Richland, October term, 1919. Modi-
fied.

Action by the State of South Carolina against Fidelity &
Deposit Company of Maryand and American Surety Com-
pany of New York. From order sustaining a demurrer as
to the defendant, American Surety Company, the plaintiff
appeals.

*Messrs. H. S. Blackwell* and *Wm. N. Graydon,* for appel-
lant, cite: *State was proper plaintiff and not Greenwood
county:* Secs. 652, 663, 664, 667, I Civ. Code 1912; sec. 162,
Code Proc. 1912; 6 S. C. 119; 13 S. C. 430; 51 S. C. 134;
12 S. C. 130; 20 S. C. 528; 43 S. C. 66; 80 S. C. 466; 83
S. C. 530. *Secs. 985 and 663 inconsistent, but both must be
given all possible effect:* 96 S. C. 313. *Office of supervisor,
by Act 1916 (29 Stat. 742), was abolished in name, but
duties divided and devolving duties on two men, and super-
visor, being elected road supervisor under new act, was
charged with accounting as supervisor to himself as road
supervisor, and bondsmen liable for default:* 98 S. E. 864;
86 S. C. 543; 92 S. C. 329; 45 Conn. 134. *Personal repre-
sentatives of deceased defaulting officer not necessary par-
ties to suit on official bond:* 22 R. C. L. 518, sec. 205; 29
Cyc. 1464; 12 S. C. 130.

*Mr. Wm. P. Greene,* for respondent, American Surety
Co., cites: *No allegation of loss by default of road super-*

*visor in not collecting from supervisor funds in his hands, and hence no liability on bóndsmen of road supervisor:* 98 S. E. 865.

October 11, 1920.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This is an action upon two official bonds given by J. B. McCombs to the State. The first, dated December 14, 1912, was to insure performance of his duties as county supervisor of Greenwood county for a term of four years. The second, dated December 16, 1916, was to insure performance of his duties as county road supervisor of said county for a like term. Fidelity & Deposit Company was surety on the first, and American Surety Company was surety on the second.

By an act approved March 6, 1916 (Act March 6, 1916 [29 St. at Large, p. 742]), the office of county supervisor of Greenwood county was abolished, and two new offices were created, one called county road supervisor and the other county office supervisor, which were to be and were filled at the general election, held in November, 1916, at which McCombs, who was then county supervisor, was elected county road supervisor. The act divides the duties of the former office between the new ones, and prescribes those devolved upon each. The chief duty assigned to the county road supervisor is the supervision of the working and maintaining the roads and bridges, chain gang, and poorhouse and farm. Among other things, it says he shall not be authorized to contract any debt or incur any liability against the county in excess of $25.

Numerous defaults of McCombs, as county supervisor, are alleged. But there is no allegation of any default, as county road supervisor, unless, as alleged, it was his duty, as county road supervisor, to collect for himself, as county

supervisor, the money and property which he is alleged to have fraudulently obtained from the county during his term as county supervisor.

American Surety Company demurred to the complaint on the grounds: (1) That the action should have been brought in the name of the county, as the real party in interest, and not in the name of the State; (2) that there is a defect of parties defendant, in that the legal representative of the estate of McCombs (he being dead) was not joined as a defendant; (3) that there is a misjoinder of causes, and the actions on the bonds of the officers have no legal relevancy to each other; and (4) that no cause of action is stated against American Surety Company, because no breach of the bond signed by it is alleged. The Court sustained all the grounds of demurrer, and ordered the complaint to be amended so as to meet the objections specified in the first and second grounds of demurrer, and dismissed the action as to American Surety Company on the third and fourth grounds.

The grounds of demurrer were presented and considered in their inverse logical order. If no cause of action was stated against American Surety Company, clearly there was no misjoinder of causes of action, which necessarily implies that at least two causes of action have been stated in the same complaint. Again, if no cause of action was stated against that company, and for that reason the complaint against it was to be dismissed, it was no longer concerned as to the first and second grounds of demurrer, as to which no objection was made by the other defendant. The result is that, at the instance of a defendant as to whom the action was dismissed, the plaintiff was required, against its objection, to amend the complaint in two particulars, as to which the only other defendant made no objection. It becomes necessary therefore for us to consider the sufficiency of the first and second grounds of demurrer, as well as the fourth.

Section 652, vol. I, Civil Code, prescribes the form of the bond required of public officers, according to which they must be given to the State of South South Carolina. These bonds were so given. Section 663 provides:

"The bond of any public officer in this State may at all times be sued on by the public (the State), any corporation, or private person, aggrieved by any misconduct of any such public officer."

Section 985 provides:

"In case of the failure of the county supervisor to faithfully perform the duties of his office or the condition of his bond, it shall be the duty of the·solicitor of the Circuit in which such supervisor shall reside to bring an action upon the bond of said supervisor in the name of the county, and any amount realized from said suit shall be deposited in the treasury to the credit of the road fund, and shall receive therefor such fees as the Court shall designate."

The Circuit Court construed the language of section 663 to mean that only the party aggrieved, whether the State, a corporation, or private person, could sue, and, as the county supervisor handles no funds or property of the State, the State is not aggrieved by the breach of his bond, and cannot sue thereon. It held also that the language of section 985 is mandatory in its terms; that the action be brought in the name of the county.

The Court erred in its construction of both sections. Construing sections 652, 663, and 985 together, as we must, for they are all parts of the same general statutory law of the State, every part of which must be given effect, if it can be done by any reasonable method of construction, we find no conflict in them.

The county is merely an agency of the State for governmental purposes; hence, the statutory requirement (section

652) that the bonds of county officers be given to the State, from which by necessary implication the intention arises that the State may sue upon them. But in addition we find in section 663 a positive declaration of that intention. The word "aggrieved," found in that section, refers not to the State, but to corporations and private persons. The State is always aggrieved by the breach of the bond given to it by a public officer for the faithful performance of his duties; but not so as to corporations or private persons. They may be aggrieved; and, if they are, the statute permits them to sue. The language of 985 is not mandatory as to the action being brought in the name of the county; but it is permissory. The words, "it shall be the duty," etc., if mandatory at all, are only so as to the performance by the solicitor of the duty thereby imposed upon him. The use of the word "shall" does not always make a provision mandatory. It is often used to introduce provisions which are merely directory. This construction harmonizes all of the provisions of the Code. While the action might have been brought in the name of the county, there is no legal objection to the bringing of it in the name of the State.

The Court erred also in sustaining the second ground of demurrer. The legal representative of McCombs was not a necessary party to the action. 29 Cyc. 1464. He is a proper party, and the Court may order any proper party brought in, at the instance of another party who is interested in having him before the Court. But the defect of parties which is ground of demurrer is of necessary parties. *Lowry v. Jackson*, 27 S. C. 318, 3 S. E. 473; *Wright v. Willoughby*, 79 S. C. 438, 60 S. E. 971. A defect of proper parties may be cured by motion, not demurrer.

The Court was right in sustaining the fourth ground. The office of county road supervisor was not the same as

that of county supervisor. It was a new, separate, and distinct office, having only a part of the duties of the old county supervisor's office, and none of those which required the turning over of money or property by the old officer to the new. If some other person had been elected county road supervisor, McCombs would not have been authorized or warranted in turning over to that person any funds or property of the county which had come into his hands, legally or illegally, as county supervisor. Nor could the new county road supervisor have maintained an action against him to recover such funds or property. Therefore it cannot be said that as county road supervisor he succeeded himself as county supervisor; and the principle that when an officer succeeds himself he is presumed to have turned over to himself, as his own successor, all money or property which he should have turned over to any other person as his successor, does not apply. That being so, no cause of action was stated against the surety on his bond as county road supervisor.

Accordingly the order is modified.