## 10693

### GORDON *ET AL.* v. BELL *ET AL.*

#### (108 S. E. 186)

1.  STATUTES—CONSTRUED TOGETHER WHEN RELATING TO SAME SUBJECT-MATTER.—Statutes relating to the same subject-matter must be read together and effect given to each unless they are totally inconsistent.

2. SCHOOLS AND SCHOOL DISTRICTS—STATUTE RELATIVE TO TRANSFER OF CHILDREN BETWEEN DISTRICTS NOT REPEALED.—Relative to the right to transfer children from one district to another within the county, Act Feb. 21, 1919, (31 St. at Large, p. 63), amendatory of Civ. Code 1912, § 1756, did not repeal Act Feb. 23, 1912, (27 St. at Large, p. 619), amendatory of Civ. Code 1902, § 1214, now Section 1756 of Code of Laws; the Acts both being amendatory and not inconsistent.

Before GARY, J., Abbeville, October, 1920. Affirmed.

Action by W. S. Gordon and J. R. Hagan against J. R. Bell et al., as trustees and teachers of Due West School District No. 38. From an order vacating a temporary injunction plaintiff appeals.

*Messrs. J. M. Nickles* and *W. C. Cothran,* for appellants. *Mr. Nickles* cites: *Acts regulating transfer of pupils between school districts*: 1 Civ. Code, 1912, Sec. 1756; 27 Stat., 619; Act. 1919; 3 Stats., 63. *Subsequent Act may repeal former Act without a general or specific repealing clause*: 25 R. C. L., 914; 55 S. C., 594; 89 S. C., 371; 83 S. C., 418; 56 S. C., 423; 7 L. R. A., (N. S.), 714; 24 L. Ed. (U. S.), 1063; 61 L. Ed., (U. S.), 1039; L. R. A., (N. S.), 1915A, 639; 88 Am. St. Rep., 267 and Note 271; 69 Miss., 895; 47 Atl., 705; 16 Tex. App., 157; 3 N. Y. Supp., 980; 19 Cal., 501; 40 N. J., 257; 39 N. J. Eq., 169. *Temporary injunctions*: 75 S. C., 220; 88 S. C., 477; 111 S. C., 353; 107 S. C., 404.

*Mr. Wm. P. Greene,* for respondents, cites: *Later Act passed at same session of Legislature does not necessarily repeal former Act at same session*: 93 S. W., 100 (Tenn.); 56 Pac., 96, (Utah). *Strong evidence that they were intended to stand together*: 156 Mass., 236; 15 L. R. A., 839; 155 U. S., 461; 39 L. Ed., 223; 68 Mo. App., 293; 58 Pac., 946, (Okla.); 84 S. W., 641, (Tex.). *Both amendments should stand in the absence of circumstances indicating an intention to repeal*: 14 Minn., 526; 45 Pac., 19, (Wash.); 84 Pac., 1096, (Ariz.); 70 Ind., 562; 47 So.,

862, (Ky.); 28 S. W., 978 (Ky.); 69 N. E., 317, (Mass.); 70 N. E., 1114, (Mass.); 82 N. W., 70, (Mich.); 44 Atl., 78, (N. H.). *Under Act* 1921 *whole question is now academic and appeal should be dismissed*: 32 Stats., 754; High Injunc., (4th Ed.), Sec. 1701A; 77 S. C., 420.

August 1, 1921.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action for injunction, is an appeal from an order of his Honor, Judge Gary. The only question raised by the appeal is whether children can be legally transferred from one school district within the same county without the consent of the trustees of the district to which the transfer is sought to be made. The solution of this question depends on whether the Act of 1912, (Act Feb. 23, 1912, [27 St. at Large, p. 619]) with reference to the transfer of the children from one school district to another was repealed by the passage of the Act of 1919, (Act Feb. 21, 1919, [31 St. at Large, p. 63]) on the same subject. The question since the Act of 1919, is purely academic, except for the costs of this case, and that is practically the only substance now in the case.

His Honor, Judge Gary, held that the amendatory 1, 2 Act of 1912 was a valid enactment and should be given force, unless it was subsequently repealed by the Act of 1919, and that the Act of 1919 did not repeal the Act of 1912; that there was no expression in the Act of 1919 indicating an intention to repeal the Act of 1912, and there was no inconsistency or repugnancy between the two acts. The two acts must be read together and effect given to each unless they are totally inconsistent. The statutes in question relate to the same subject-matter. No intention is expressed in the latter act to repeal the former act. They must be construed together and effect given to each.

The passage of the Act of 1919 was an amendment to Section 1756, which had been heretofore amended by the Act of 1912, and was in effect simply another amendment, and was in no manner inconsistent with or in conflict with the same. The acts relate to different things. The amendments are the law of the subject. One is not dependent on the other. Both stand, and the objects and provisions sought in one amendment are not affected by the other amendment.

All exceptions are overruled, and judgment affirmed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE FRASER concur.

MR. JUSTICE COTHRAN disqualified.