13723

FLEMING v. McLURE *ET AL.*

(171 S. E., 804)

152

*Messrs. J. G. Hughes* and *John D. Long,* for appellants,

*Messrs. John K. Hamblin, Sawyer & Sawyer, J. Raymond Flinn* and *Johnson & Johnson,* for respondent,

November 24, 1933.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

According to the agreed statement of counsel representing the parties engaged in this litigation, this is an action brought by Lloyd Fleming against the administrator of the late W. W. Johnson and American Surety Company of New York as surety for said W. W. Johnson, as Probate Judge and as *ex officio* master for Union County. Though Judge Johnson had held the office referred to for many years, yet the complaint is based merely on the bond for the last term of office, of which he served less than a year, and seeks to make his estate and his surety, American Surety Company of New York, liable under only the bond for such last term. Judge Johnson had been elected to office in November, 1926, and entered upon his new term January 1, 1927. He died after a long illness in November, 1927. This action was brought on September 27, 1930, upon the bond for the term of office beginning January 1, 1927. The plaintiff alleges that there is due him by the late Judge Johnson, as public guardian, the sum of $105.17, and that the condition of the official bond of the said Judge Johnson in the sum of $15,000.00 has been breached, and judgment is asked in full amount of the bond. The plaintiff further alleges that he is bringing the action on behalf of himself and "all other creditors of the defendants who should come in and contribute to the expense of this action," through the action is not brought in the name of the State, the obligee of the bond. The bond referred to is attached as an exhibit to the complaint. In this connection we call special attention

to the following agreed statement contained in the transcript:

"* * * Prior to the beginning of this action, W. S. McLure, as administrator of the estate of W. W. Johnson, deceased, in the proceeding entitled: 'Ex Parte: W. S. McLure, as Administrator of the Estate of W. W. Johnson, deceased, Petitioner' had gone into this Court under date the 23rd day of May, 1929, and asked that all parties having claims against W. W. Johnson, as Probate Judge *ex officio* master, be required to file the same, with proper proof, with the master for Union County, within thirty days from the expiration of a sixty day published notice, such notice being once a week during said period. Upon the said petition Hon. T. S. Sease, Circuit Judge, passed an order, dated 23rd day of May, 1929, requiring the publication as asked, ordering all claims to be filed within thirty days from the expiration of the said sixty day notice, and restraining and enjoining all claimants from instituting or prosecuting any suit against the said estate of W. W. Johnson, deceased, or on his official bonds except in that proceeding. Such notice was duly advertised under the said order of Court and a hearing appears to have been had by the master in accordance with such said notice, and upon the claims filed. Also, under date the 15th day of November, 1929, Hon. T. S. Sease, Circuit Judge, passed an order requiring that all notes, mortgages and other evidences of indebtedness held by the late W. W. Johnson, as Probate Judge, public guardian or as master, be placed in the hands of J. A. Sawyer, Esq., as attorney, for the purpose of making collection of the same by suit or otherwise, as his judgment might direct.

"Later, this action on behalf of Lloyd Fleming, as plaintiff, was instituted, and the necessary order was taken combining the said Fleming suit with the action under the petition of W. S. McLure, as administrator, as aforesaid; and it was ordered that the proceeding be continued under the

action in the name of Lloyd Fleming, as plaintiff, against W. S. McLure, as administrator et al."

It is therefore seen that the action is a combination of the two actions above referred to.

By order of the Court, the case was referred to Hon. A. G. Kennedy, master for Union County, to take the testimony and pass upon the issues involved. After holding many references in the case and taking the testimony offered by the parties interested, the master made his report, in which he discussed at length the facts and issues involved, whereby the plaintiff's action was sustained. From the said report the defendants (appellants before this Court) appealed to the Court of Common Pleas for the said County of Union, and the matter was heard by his Honor, Judge William H. Grimball, Circuit Judge, who, upon due consideration, sustained the master, and issued a decree accordingly. The case now comes before this Court on appeal from the said decree and judgment of the lower Court.

Upon due consideration of the appellants' exceptions in connection with the entire record in the case, this Court is of the opinion that the lower Court reached the right conclusion in the case. As to the contention of appellants that the action cannot be maintained for the reason that the bond involved is made payable to the State, and must be brought in the name of the State, we deem it sufficient to call attention to Sections 1524 and 3054, of the Code of 1932, in connection with the case of *State v. Fidelity & Deposit Co.*, 114 S. C., 511, 104 S. E., 182. We think, under the facts alleged and established under the evidence in the case, discussed in the master's report, to which we call attention, the action can be maintained in the interest of the parties instituting the same and in behalf of the other parties for whose benefit the action was brought. In this connection we again call attention to the fact that we are dealing with two actions combined, above described, and the purpose and scope of each of the actions must be kept in mind.

Another question raised by the appellants and pressed before this Court is whether there was a breach of the bond in question; also whether the cause of action alleged accrued while the bond was of force, which bond was executed and maintained for the term of office of the said deceased, beginning January 1, 1927. Under the facts of this case, as set forth in the master's report, which report is well sustained by the record, it is clear that the questions raised must be answered against appellants' contention. Under our view of the case, a breach of the bond is shown, and the action alleged arose while the bond was of force. In this connection we may state that some of the claims allowed by the master were allowed without objection when the same were offered in evidence at the references held, and the other claims allowed by the master and confirmed by the Circuit Judge were claims for which the deceased was clearly liable and which were covered by his bond.

We are unable to agree with appellants in their contention that the collateral which the deceased officer had at the time of his death as security to the loans made by him had to be exhausted before the action could be instituted and maintained. The order of the lower Court in holding the American Surety Company liable on its said bond for the claims set out in the master's report provided for all of the said collateral to be turned over to the said surety company for the purpose of making collection thereon so that the amount of its loss might be reduced. In our opinion, this affords the surety company full protection. We deem it unnecessary to discuss the other questions raised, the most of which are discussed by the master in his report.

The exceptions are overruled, and the judgment of the lower Court is affirmed.

Mr. Justice Stabler concurs.

Mr. Chief Justice Blease and Mr. Justice Bonham concur.