**WYOGA GAS & OIL CORPORATION v. SCHRACK et al.**

No. 32.

District Court, M. D. Pennsylvania.

Oct. 7, 1939.

For former opinion, see 27 F.Supp. 35.

Richard Henry Klein, Carl Rice, and Russell S. Machmer, all of Sunbury, Pa., for plaintiff.

Reading & Wood, of Williamsport, Pa., for defendants.

JOHNSON, District Judge.

This is a motion by two of the above named defendants to dismiss the complaint on the ground that this court has no jurisdiction. The matter was argued, and an opinion filed on April 3, 1939, refusing to grant the motion. A re-argument was had on April 28, 1939, and the motion is therefore again before this court.

At the re-argument the petitioners urged that Geddes H. Schrack and Bernard Frank are indispensable parties, that the court has no jurisdiction over them because they are not citizens of Pennsylvania, and that the complaint must therefore be dismissed as to the twenty-four other defendants who are residents of Pennsylvania. There is no merit in this contention. It was carefully and fully considered in the opinion of April 3, 1939.

The petitioners also urge that the court's attention was not adequately directed to the new Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, and the strong emphasis of those rules upon the importance of avoiding multiplicity of suits. The new rules were carefully considered by the court in its former opinion, and one of the strongest reasons for refusing petitioners' motion is to avoid multiplicity of actions. Twenty-four of the twenty-six defendants are citizens of Pennsylvania, and the principal business of the corporation is carried on in this state. Thus, it appears that more of the issues raised by the complaint can be determined by suit in this jurisdiction than in any other.

The petitioners also urge that the plaintiff has available sound Federal jurisdiction in the State of Delaware, where, it is alleged, jurisdiction could be obtained over all ·of the defendants. A careful search has revealed no authority to support this contention. None of the defendants are citizens of Delaware, and consequently a suit in the District of Delaware would be a nullity, unless the defendants voluntarily entered appearances, and thus subjected themselves to the jurisdiction of that court.

The final contention of petitioners is that so long as the names of the non-resident defendants, Schrack and Frank, remain on the record, " * * * the jurisdiction of this court is automatically negatived." There is no merit in this contention. The defendants, Schrack and Frank, are "proper", but not "indispensable" parties, who by reason of their residence outside of Pennsylvania cannot be served with process. They may voluntarily appear in this action at any time before final judgment, but if they do not, the final judgment cannot affect their rights and liabilities, and under Rule 21 of the Rules of Civil Procedure they may be dropped as parties at any stage of the action.

All of the petitioners' contentions are without merit, and it is therefore ordered that the motion to dismiss the complaint be, and hereby is refused, and leave is granted to the defendants to file an answer within twenty days.