## McALISTER v. FIDELITY & DEPOSIT CO. OF MARYLAND.

### C. A. No. 202.

District Court, W. D. South Carolina.

April 1, 1941.

J. LaRue Hinson, of Greenville, S. C., for plaintiff.

Haynsworth & Haynsworth, of Greenville, S. C., for defendant.

WYCHE, District Judge.

This matter comes before me upon motion of the defendant Fidelity & Deposit Company of Maryland, for an order making Sam M. Henry, individually and as Sheriff of Spartanburg County, and George M. Pruitt, individually and as Deputy Sheriff of Spartanburg County, parties defendant to the action, and directing that a copy of the summons and complaint in the case be served upon each of them respectively, upon the ground that the said Sam M. Henry and George M. Pruitt are necessary and proper parties upon the basis of the facts set forth in the complaint. Defendant's attorneys state that the motion is made under Rule 21, Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c.

The plaintiff, a citizen of South Carolina, has brought this action against the Fidelity & Deposit Company of Maryland, a nonresident of the State of South Carolina, as sole defendant, on the bond of Sam M. Henry, as Sheriff of Spartanburg County, upon which the defendant is surety. The bond is a joint and several obligation. Section 407, South Carolina Code of Civil Procedure, 1932, provides: "Persons severally liable upon the same obligation or instrument, * * * may all, or any of them, be included in the same action, at the option of the plaintiff." Where the liability on a bond is joint and

several, all who are liable may be joined, or one or more or any number less than all may be sued, at the option of the plaintiff. An action may be maintained against the sureties, or one or more of them, without joining the principal, or against the principal alone, as well as against the principal in conjunction with any of the sureties, as the plaintiff may decide. Hatfield v. Kennedy, 1 Bay, S.C., 501; State v. Williams, 19 S.C. 62, 65; State v. Fidelity & Deposit Co., 114 S.C. 511, 516, 104 S.E. 182; Cohen v. Maryland Casualty Co., D.C., 4 F.2d 564.

In an action on a joint contract, one of the several joint contractors is not an indispensable party defendant in such suit, and under section 50 of the Judicial Code, 28 U.S.C.A. § 111, this court may proceed against one of such joint contractors, where the other is not an inhabitant of this district. Cohen v. Maryland Casualty Co., supra; Camp v. Gress, 250 U.S. 308, 316, 39 S.Ct. 478, 63 L.Ed. 997; Clearwater v. Meredith, 21 How. 489, 16 L.Ed. 201.

For the foregoing reasons, it is my opinion that the motion should not be granted on the ground that these parties are necessary and proper parties to the suit. The motion is, therefore, denied.