**PICKING et al. v. PENNSYLVANIA R. CO. et al.**

**No. 8663.**

Circuit Court of Appeals, Third Circuit.

Oct. 3, 1945.

For former opinion, see 151 F.2d 240, which reversed 3 F.R.D. 425.

Ida M. Picking, for appellants.

Spencer G. Nauman, of Harrisburg, Pa., for Pennsylvania R. R. Co.

Edmund C. Wingerd, of Chambersburg, Pa., for Benedict et al.

James A. Strite, of Chambersburg, Pa. (Edwin D. Strite, of Chambersburg, Pa., on the brief), for Kell et al.

Wm. M. Rutter, of Reading, Pa. (James H. Duff, Atty. Gen., on the brief), for Arthur H. James et al.

Before BIGGS, Circuit Judge, and FORMAN, and LEAHY, District Judges.

BIGGS, Circuit Judge.

All of the Pennsylvania defendants have joined in a petition for rehearing asserting three grounds therefor common to them all. The defendant Roy G. Kell also asserts another ground peculiar to him.

■ First, the defendants state that the plaintiffs, pursuant to Rule 15(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section § 723c, filed an amendment to the complaint, allowed as of course under the rule, striking out the exhibits referred to on pages 2, 3, and 4 of our opinion, and point out that these exhibits, which consist of the information upon which the plaintiffs were arrested and like documents, are not part of the record before us on the appeal. We did not refer to these exhibits through inadvertence or indicate

that the plaintiffs' causes of action rested on them. The plaintiffs' causes of action are sufficiently set out without reference to these exhibits. The defendants do not make any assertion to the contrary in their petition for rehearing. Obviously the reference to these exhibits in our opinion cannot constitute a valid basis for rehearing.

█ Second, the defendants assert that this court did not decide the question as to whether the New York defendants were "indispensable parties" to the action. We decided this question though we did not advert to it specifically in our opinion. We now state expressly that as the causes of action are pleaded the New York defendants are not indispensable parties. See Section 50 of the Judicial Code, 28 U.S.C.A. § 111; Moore's Federal Practice, § 19.01; Rule 19 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Wyoga Gas & Oil Corporation v. Schrack, D.C., 27 F.Supp. 35, 36, 37, decision adhered to in D.C., 29 F.Supp. 582, appeal dismissed by this court sub nomine Ritter v. Wyoga Gas & Oil Corporation, 3 Cir., 110 F.2d 524, certiorari denied 311 U.S. 669, 61 S.Ct. 29, 85 L.Ed. 430; and McRanie v. Palmer, D. C., 2 F.R.D. 479. Cf. McAlister v. Fidelity & Deposit Co. of Maryland, D.C., 37 F. Supp. 956, and Rule 20(a) of the Rules of Civil Procedure. See Shields v. Barrow, 17 How. 130, 139, 15 L.Ed. 158. Cf. Niles-Bement-Pond Co. v. Iron Moulders Union, 254 U.S. 77, 80, 41 S.Ct. 39, 65 L.Ed. 145. If at trial the evidence shows that the New York defendants are indispensable parties within the purview of the authorities cited, the defendants may renew their defense by an appropriate motion.

Third, counsel for the defendants point out that they have had no opportunity to present to this court any arguments concerning the applicability of the principles of the Screws case to the instant circumstances. We conclude, however, that no useful purpose would be served by such argument.

█ Fourth, as to the defendant Kell, we stated that the photostatic copy of the summons in the record sent to this court was illegible and that therefore we could not pass adequately on the motion made by Kell pursuant to Rule 43(e). The defendant does not deny that the copy of the summons was illegible. He insists that we must pass upon his point of law based on a document which we cannot read. We reject such a contention.