16189

SPARTANBURG COUNTY v. MITCHELL
(52 S. E. (2d) 266)

*Messrs. Johnson, Johnson & Foster,* of Spartanburg, for Appellant,

285

*Mr. C. E. Daniel,* of Spartanburg, for Respondent, ■■■

March 4, 1949.

BAKER, Chief Justice.

The complaint in this action alleges, for a first cause of action, the capacity of the respondent to maintain this action, the fact that the appellant is and was a duly qualified magistrate of the County respondent, and the duty of the appellant to pay over to the respondent all fines, bonds and costs, etc., collected by him in his official capacity. It further alleges that the appellant collected and reported during the period ending June 30, 1945, the sum of $31.00, and from the period of October 1, 1945, to October 10, 1945, the sum of $1,017.58, and has failed and neglected to pay said sum to the respondent. And for a second cause of action, the complaint adopts and re-alleges the allegations of the first cause of action, and that the funds involved were lost due to and proximately caused by the negligence and carelessness of the appellant in the following particulars:

"(a) In failing to deposit the said funds as they were received in a separate account in some responsible Bank, as required by law;

"(b) In failing to place said funds in a safe and proper place where they would not be subject to access or removal by unknown parties;

"(c) In failing to deposit each day's receipts as and when received, in a Bank or some other suitable and safe depository;

"(d) In allowing large sums to accumulate over a period of time;

"(e) In entrusting said funds to persons other than the Defendant himself and in failing to take proper steps and precautions to prevent their loss;

"(f) In failing to properly enclose the said funds in a substantial container and to place the same or to have the same placed in a safe and suitable place;

"(g) In placing the said funds in an unlocked drawer in an unsubstantial container and in a place where they were subject to being removed by unknown parties;

"(h) In failing to notify the proper officials of the County of the existence of such funds and of the fact that the same were being placed in an unlocked desk in the office of the County Jail;

"(i) In failing to take such steps as were necessary to insure that such funds would not be lost by theft or misplacement."

The answer of the appellant admits the substantive fact of the collection and reporting of the sum of $1,048.58, and the failure to pay same over to the respondent, but alleges that payment was rendered impossible by circumstances beyond his control, and through no fault or breach of duty on his part; and that he exercised always that degree of care required by law under all the circumstances prevailing at that time. Answering section by section of the specific allegations of negligence contained in the complaint, he alleged:

"(a) That the defendant has maintained a deposit account as Magistrate in the Citizens & Southern National Bank of Spartanburg since the day of his appointment, but that the defendant himself was ill at home under a doctor's care from

October 8 to October 15 of the period in which the funds accumulated.

"(b) That it was the established custom to place the funds in the County Jail at night, which practice had been long established when this defendant took office, since the local banks close at one o'clock, and the County Jail is a safe and substantial place owned by the County for such safekeeping.

"(c) That it was the established custom to make deposits two or three times weekly but it was not necessary daily and further that whatever was collected or was on hand was daily placed in the County Jail every night without fail..

"(d) That large sums were not allowed to accumulate, and did so only in this instance on account of defendant's illness at home.

"(e) That it was the established custom for the funds to be placed in the County Jail at night and never out of the County's custody.

"(f) That all of the funds were placed in the very cash container furnished by the County which was on hand when this defendant took office, and no office safe was ever furnished defendant's office by the County in which to lock funds at night.

"(g) That the cash container furnished this defendant was placed in a desk in the locked and walled county jail at night, a safe place of deposit owned by the County.

"(h) That the established custom of night deposits at the jail was known to the proper county officials and that neither the county or any of its representatives ever objected thereto.

"(i) That the defendant took such steps as had been the established custom to insure the safety of such funds, and that there has been no negligence or breach of duty on his part; and that he exercised always that degree of care required by law under all the circumstances prevailing at the time."

Following the service of this answer the respondent demurred thereto on the ground that it does not state facts sufficient to constitute any defense.

Reserving its rights under its demurrer to the answer, the respondent served a notice of motion to strike the answer as sham and frivolous. However, the Circuit Judge did not pass upon the motion, but sustained the demurrer, and granted judgment against the appellant for the full sum of $1,048.58.

This appeal is therefore from the order sustaining the demurrer, and the granting of judgment in the full sum of money collected by the appellant and not paid over to the respondent.

We think that the lower Court was justified in sustaining the demurrer to the answer insofar as it related to the $31.00 which had been reported collected for the period ending June 30, 1945, but the facts alleged in the answer do not conclusively show such circumstances as would warrant the Court in concluding as a matter of law that the appellant was guilty of negligence in the handling of the balance collected from October 1st, 1945, to October 10, 1945, which said sum was $1,017.58.

The respondent frankly admits that in South Carolina, ordinarily a public official is not an absolute insurer of public funds coming into his custody, but that such public official is liable for public funds lost only through his negligence or failure to exercise due care. *York County v. Watson,* 15 S. C. 1, 40 Am. Dec. Rep. 675; *State v. Norris,* 15 S. C. 241; and *Chandler v. Britton,* 197 S. C. 303, 15 S. E. (2d) 344.

This brings us to an examination of the statute law of this State pertaining to magistrates, and we quote the pertinent portions of such statutes.

Section 3723 of the Code of 1942, reads: "All fines and penalties imposed and collected by magistrates in criminal

cases must be forthwith turned over by them to the county treasurers of their respective counties for county purposes. * * *"

Section 3729 of the Code of 1942, reads: "Every magistrate shall, on the first Wednesday in each month, or within ten days thereafter make, in writing, to the auditor and treasurer of his county, a full and accurate statement of all moneys collected by him on account of fines, penalties or forfeiture during the past month together with the title of each case where a fine has been paid, * * *".

Subsection 4, of Section 3785 of the Code of 1942, reads: "All magistrates in Spartanburg County shall be required to maintain appropriate books and to enter therein on their dockets in consecutive order the cases instituted in their courts, and to keep in their dockets a separate cash account, entering thereon the daily receipts of fines and costs and indicating the cases from which such fines and costs were so received, and to credit their accounts with amounts paid over to the county treasurer. Said books to be devised and installed by the general auditor employed by the grand jury of Spartanburg County. The said magistrates of Spartanburg County are further required to maintain separate bank accounts for official funds, and to present their cash accounts and bank statements as well as their dockets for audit when called for at the time of making the annual audit of the records."

It is the established law in this State that all statutes relating to the same subject must be construed together and harmonized if possible, and each one given effect, if this can be done by any reasonable construction. *Richards v. McDaniel*, 2 Mill, Const. 18; *State v. Fields*, 2 Bailey, 554; *Rookard v. Atlanta & C. Air Line Ry. Co.*, 89 S. C. 371, 71 S. E. 992; *State v. Fidelity & Deposit Co. of Maryland*, 114 S. C. 511, 104 S. E. 182; *State v. Sanders*, 118 S. C. 498, 110 S. E. 808; *Gordon v. Bell*, 116 S. C. 466, 108 S. E. 186; *Smith v. S. C. State Highway Commission*, 138 S.

C. 374, 136 S. E. 487; *Columbia Gaslight Co. v. Mobley,* 139 S. C. 107, 137 S. E. 211; *Fishburne v. Fishburne,* 171 S. C. 408, 172 S. E. 426. And in case of conflict between special and general law, the special law controls. *Truesdell v. Johnson,* 144 S. C. 188, 142 S. E. 343.

For the purpose of this case, the sections of the Code necessary to be harmonized and each given effect are Sections 3723 and subdivision 4 of 3785. Section 3723 requires magistrates to forthwith turn over to the County Treasurers of their respective counties all fines and penalties imposed and collected, and subdivision 4 of Section 3785 requires the magistrates of Spartanburg County to deposit such funds in a bank in an official account separate from their personal account, and present their cash accounts and bank statements of their official accounts along with their dockets for audit. There is no definite time limit as to when such monies shall be deposited in an official account in the bank.

Now, if a strict construction of the word "forthwith" used in Section 3723 be sought, then such construction would be inconsistent with depositing these fines and penalties in an official bank account, but if we construe it to mean within a reasonable time, which is one of the definitions of the word "forthwith" recognized by such dictionaries as The Merriam-Webster, then the two statutes are not inconsistent and can be harmonized; and this we conceive it our duty to do. If the statute having particular reference to the magistrates of Spartanburg County (subsec. 4 of Section 3785) was enacted with the idea that it was not inconsistent with Section 3723, then a literal construction of the last mentioned section cannot be enforced, but a normal construction must be given thereto. However, the special statute must control, even if inconsistent, but there is not necessarily an inconsistency. We, therefore, hold that the appellant's failure to pay over to the County Treasurer of Spartanburg County the fines and penalties collected between October 1, 1945, and October 10, 1945, was not a breach of his statutory duty.

Nor do we think that the Court can say as a matter of law that the appellant was guilty of negligence in caring for these funds merely by his failure to deposit same in the bank to his official account. He followed, according to his answer, the method of temporarily protecting such funds as had been customary for a long period of time, and whether he was negligent in his duty with reference to these funds, it appears to us, is a matter for a jury to pass upon.

The complaint of the respondent is bottomed `upon the statutory law of the State and upon the negligent handling of these funds by the appellant. The answer denies any negligence, and sets forth facts about which there might be a reasonable difference of opinion, and it therefore becomes a qusetion for a jury to decide whether the appellant exercised that degree of care and prudence in the protection of these funds which a person of ordinary care and prudence would exercise in his own business.

The order sustaining the demurrer is affirmed as to the $31.00 received during the period ending June 30, 1945. But as to the sum of $1,017.58 collected between October 1, 1945, and October 10, 1945, it is reversed, and the case is remanded to the Circuit Court for trial.

Taylor, J., concurs.

Fishburne, Stukes and Oxner, concur in part and dissent in part.

Oxner, Justice (concurring in part and dissenting in part).

The issues in this case have been complicated by the form of the pleadings. Plaintiff alleges in the first cause of action that the defendant has received certain funds which he was required to turn over to the Treasurer of Spartanburg County but has failed and neglected to do so. Paragraph 3 is as follows: "That the Defendant, in his capacity as a magistrate of the plaintiff-County, received, during the period ending June 30, 1945, the sum of Thirty-one and No./100

($31.00) Dollars, and from the period from October 1, 1945, to October 10, 1045, the sum of One Thousand and Seventeen and 58/100 ($1,017.58) Dollars, which amounts, by law, the Defendant was required to report to the Plaintiff and required to pay into the hands of the Treasurer of the Plaintiff-County."

In answer to this cause of action, the defendant admits the foregoing paragraph and alleges "that payment has been rendered impossible by circumstances beyond the control of the defendant, and through no fault or breach of duty on his part; and that he exercised always that degree of care required by law under all the circumstances prevailing at the time".

Having admitted collecting the money, it was incumbent upon defendant to allege facts which, if true, would excuse him from liability. It is immaterial for the purpose of this discussion whether the funds should have been paid over to the Treasurer of Spartanburg County or deposited in a bank. In either event, the burden was upon the defendant to allege and show that he had no reasonable opportunity after the money was received to comply with the law and that he used due care to protect the funds while temporarily in his custody. Under the rule adopted in this State, defendant was not an insurer against theft and if the funds were lost in this manner, it was incumbent upon him to allege that fact and the precautions taken to prevent such loss. In other words, it was insufficient to state that the money was lost without fault or negligence on his part, which would be a mere legal conclusion. Facts should be alleged from which an inference of ordinary care might be drawn. Of course, this means the ultimate facts as distinguished from evidentiary facts. Even in the case of an action against a bailee for failure to use ordinary care, the rule laid down by Justice Woods in *Fleischman, Morris & Co. v. Southern Railway Co.*, 76 S. C. 237, 56 S. E. 974, 977, 9 L. R. A., N. S., 519, "is that the bailor must prove delivery to the

bailee and his refusal to return as required by the contract of bailment. The burden is then on the bailee to prove that he has not converted the property, and this he may do by showing its loss and the manner of its loss; but by the manner of loss is meant, not only the isolated fact of destruction by fire, or loss by theft or otherwise, but the circumstances connected with the origin of the fire or other cause of loss or injury as far as known to the bailee, and the precautions taken to prevent the loss or injury. From these facts, coupled with any testimony on the subject the bailor may introduce, it is for the jury to say whether the bailee was negligent. This rule is entirely reasonable." Also see *Gilland v. Peter's Dry Cleaning Co.*, 195 S. C. 417, 11 S. E. (2d) 857; *Carroll v. S. C. National Bank,* 211 S. C. 406, 45 S. E. (2d) 729.

It is my view that the answer to the first cause of action, stating only a legal conclusion, was insufficient to raise any issue and was subject to demurrer.

The pleadings with reference to the second cause of action raise a more difficult question. Here the plaintiff has assumed an unnecessary burden of alleging certain acts of negligence on the part of the defendant in the handling of the funds collected. All these specifications of negligence are denied by the defendant, which makes an issue for determination by the jury. For this reason, I am in accord with the conclusion that the Court below was in error in sustaining the demurrer to that portion of the answer relating to the second cause of action. Under this view, it becomes unnecessary to determine whether the other matters stated in the answer to the second cause of action are irrelevant and insufficient as a matter of law to constitute a defense. This question should be determined on a motion to strike these allegations. Plaintiff noted an alternative motion to this effect but it was unnecessary to hear it after the Court below concluded that the demurrer to the entire answer should be sustained. I prefer not to intimate any opinion

upon this feature of the case until the question is properly before us.

I would sustain the demurrer to that portion of the answer relating to the first cause of action, with leave to the defendant, if he so desires, to amend within twenty days after the filing of the remittitur. I would overrule the demurrer to that portion of the answer relating to the second cause of action, without prejudice to the right of the plaintiff to be heard on its motion to strike.

FISHBURNE and STUKES, JJ., concur.