**DAVIS et al. v. TURNER et al.**

No. 13894.

United States Court of Appeals
Fifth Circuit.

May 23, 1952.

John D. Glass, Tyler, Tex., for appellants.

Fred Hull, Tyler, Tex., for appellees.

Before HOLMES, BORAH, and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

This is an action for damages for deprivation of rights, privileges, and immunities, secured by the Constitution and laws of the United States, which action is given to the party injured by Section 43, Title 8, of the United States Code Annotated. On motion of the defendants to dismiss the complaint, because it wholly failed to state a cause of action, the court below held that the motion was well taken, and dismissed the suit at plaintiffs' costs.

■ The district court had jurisdiction under Section 1343(3), Title 28, of the Judicial Code. 28 U.S.C.A. § 1343(3). The motion to dismiss admitted the well-pleaded allegations of fact contained in the complaint, and we think that these allegations were sufficient to state a cause of action and to entitle the plaintiffs to a trial on the merits. According to the facts in this record, which are admitted by the motion to dismiss, the alleged wrongs and injuries were inflicted upon the appellant Helen Davis by the appellees in their capacity, respectively, of sheriff and deputy sheriff of Smith County, Texas.

■ The hard and cruel facts technically admitted are, in substance, that the appellees, on the 18th of October, 1950, entered the store of said Helen Davis without a search warrant or warrant of any kind, searched the store, and found nothing unlawful therein. Immediately after completing said search, they arrested her, seized her violently by the arm, refused to permit her to consult an attorney, struck her, and put her in jail. The sheriff said he was the law, but refused to tell her what crime she was charged with committing. It is unnecessary to repeat in detail all the rough treatment, illegal handling, personal indignities, and incivilities, that this woman was subjected to by these two officials in the name and under color of state laws. We think the complaint states facts and circumstances that entitle the injured parties to damages under Section 43, Title 8, of the United States Code.

See Ex parte Virginia, 100 U.S. 339, 25 L.Ed. 676; U. S. v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368; Screws v. U. S., 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495; Hague v. C. I. O., 3 Cir., 101 F.2d 774, 775, as modified and affirmed by Hague v. C. I. O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423; Picking v. Pennsylvania Ry. Co., 3 Cir., 151 F.2d 240, rehearing denied, 3 Cir., 152 F.2d 753; McShane v. Moldovan, 6 Cir., 172 F.2d 1016; Valle v. Stengel, 3 Cir., 176 F.2d 697; Williams v. U. S., 5 Cir., 179 F.2d 656, affirmed in 341 U.S. 97, 71 S.Ct. 576, 95 L.Ed. 774; Lynch v. U. S., 5 Cir., 189 F.2d 476.

In Screws v. U. S., supra, Mr. Justice Douglas said, 325 U.S. at page 111, 65 S.Ct. at page 1040: "It is clear that under 'color' of law means under 'pretense' of law. * * * If, as suggested, the statute was designed to embrace only action which the State in fact authorized, the words 'under color of any law' were hardly apt words to express the idea."

The judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.